LETSCH CORPORATION, Plaintiff-Respondent,

v.

BE–MAC TRANSPORTATION CO., Defendant-Appellant, and Third-Party Plaintiff,

v.

MORRISON MOTOR FREIGHT, INC., Third-Party Defendant.

No. 9515.

Missouri Court of Appeals, Springfield District.

Oct. 9, 1974.

Kirby, Lewis & Cohick, Republic, K. Thomas Tough, Springfield, for defendant-appellant.

No appearance for plaintiff-respondent.

PER CURIAM.

Be-Mac Transportation Company, Inc., defendant below, appeals from a judgment in the amount of $2,080.12 entered against it and in favor of respondent Letsch Corporation, the plaintiff below. Morrison Motor Freight, Inc., third-party defendant in the trial court, is not involved in this appeal.

Plaintiff's cause of action is based upon damage occurring to a shipment of freight while the latter was in the possession of the defendant, a self-described "common carrier of goods for hire."

■ Appellant's brief does not meet the requirements of Rule 84.04(d), V.A.M.R., which deals with "Points Relied On." The points contained in appellant's brief are mere abstract statements of law, unaccompanied by a showing of how they are related to any action or ruling of the trial court. This noncompliance with Rule 84.-04(d) authorizes dismissal of the appeal. Rule 84.08. However, the transcript is thin, the evidence is brief, and the issue is narrow. In view of the general preference of an appellate court to dispose of a case on the merits where possible, rather than dismiss because of deficiencies in the brief [State ex rel. Aimonette v. C. & R. Heating & Serv. Co., 475 S.W.2d 409, 412[1] (Mo.App.1971)], dismissal will not be ordered.

The action was tried before the Honorable James H. Keet, Jr., Judge of Division No. 3, Circuit Court of Greene County, Missouri, sitting without a jury. The only witness for the plaintiff was Daniel E. Letsch, who was the secretary-treasurer and vice-president of plaintiff. In the argument portion of its brief appellant asserts that the testimony of Mr. Letsch did not constitute "any substantial evidence of damages" and that respondent "failed to sustain its burden of proof pertaining to damages."

■ This court has reviewed the testimony of Mr. Letsch and the other contents of the transcript in light of those assertions. Appellant offered no evidence in the trial court. The issue is whether Mr. Letsch's testimony, to which the trial court gave credence, is sufficient to support the

award. This court resolves that issue against appellant.

Pursuant to Rule 84.16(b) this court determines that the following circumstances exist and are dispositive of this matter:

1. The judgment of the trial court is based on findings of fact which are not clearly erroneous, and

2. No error of law appears.

This court also determines that an opinion would have no precedential value and the affirmance of the judgment is in compliance with Rule 84.16.

The judgment is affirmed.

All concur.